By the Court,

Helson, O. J.
I am of opinion a legal cause of action is set forth in the first and third counts.
The defendant had stipulated in the articles of partnership for the payment of an equivalent for certain services to be ^render- [ *452 ] ed in and about the concern by his co-partners. The item has been adjusted between them, and an express promise made to pay the plaintiff. The compensation was not to depend upon the nett profit or loss in the business, but was to be contributed as a part of the capital to be furnished by the defendant in lieu of personal attention. A final settlement of the concern, therefore, was not material to an adjustment of this item. The case seems to fall within the principle of those, where the suit is brought to recover capital advanced by one partner for another, in the course of their business. 13 East, 7; 19 Wendell, 429.
It is also settled that assumpsit will lie on an express promise, independently of the covenant in the articles of partnership. 2 T. R. 483, and note ; Carey on Part. 61; Collyer on Part. 152,
The fourth count I am inclined to think bad. Ho previous agreement to pay for the personal services of the co-partner, nor even that he had rendered any on request over and above what belonged to him to perform, is averred. The most thac can be said is, that the plaintiff had devoted more time to the common concern than the defendant. A promise founded upon a past consideration may be good, if the past services be laid to have been done at request; but it must be so laid. 1 Caines, 504; 7 J. R. 87; 10 Id. 243. -There is an exception, where.the request is necessarily implied from the moral obligation under which the party is placed; but it has no application here. The general rule is, that one joint partner is not entitled to charge against another a compensation for more valuable services bestowed upon the common concern without a special agreement. 3 Johns. Ch. R. 434, and oases. There must be judgment for the plaintiff on the demurrer to the 1st and 3d counts, and for the defendant on the demurrer to the 4th count; with leave to the parties to amend on the usual terms.